NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DAVID FITCH, Defendant-Appellant. | No. 20-10432 D.C. No. 2:04-CR-262-JCM-PAL MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 10, 2022**
Pasadena, California

Before: WALLACE, BOGGS,*** and FRIEDLAND, Circuit Judges.

David Fitch seeks to cast aside a fine imposed alongside his criminal

conviction and prevent the government from garnishing his Social Security income

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Danny J. Boggs, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

to pay that fine. The district court denied his motion, reasoning that 18 U.S.C. § 3613 permits the government to garnish Social Security benefits despite the anti-alienation provision of the Social Security Act. The court further held that it lacked jurisdiction to adjust his fine without a motion by the government. We agree and AFFIRM.

1.     Fitch was convicted in 2007 of various fraud charges and sentenced to 262 months of imprisonment. The court additionally imposed a $75,000 fine and a $1,600 assessment. In 2020, he was granted compassionate release. Asserting indigence and claiming that government assistance is his only means of income, he filed a "Motion to Eliminate Court Imposed Fine and Fees Pursuant to 42 USC 407(a) and Federal Anti-Alienation Provisions and United States Constitution." Fitch contends that the government is prohibited by statute from garnishing his Social Security benefits. On appeal, Fitch suggests two possible sources of district-court authority to alter the conditions of his fine. The first is 18 U.S.C. § 3573, which allows the court to modify a fine, but only "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective." *Ibid*. It does not confer authority upon the district court to alter a fine absent a motion by the government. And the government has made no such motion.

2.     Fitch also references the inherent supervisory powers of the court as outlined in *McNabb v. United States*, 318 U.S. 332, 341 (1943). But that case, which reiterated the Supreme Court's authority to set standards of evidence for criminal

2

proceedings, does not authorize any federal court to take any action whatsoever in criminal cases.

3.     As to whether federal law prohibits garnishment of Social Security benefits, Fitch does not explain what authority the district court has to offer relief. In any event, federal law expressly permits garnishment. Section 207 of the Social Security Act prohibits garnishment of benefits. 42 U.S.C. § 407. But that statute is superseded by 18 U.S.C. § 3613(a), which provides that "[n]otwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined" subject to certain enumerated exceptions. *Ibid.*; *see also United States v. Swenson*, 971 F.3d 977, 983 (9th Cir. 2020) ("[B]oth the text of Section 3613(a) and our caselaw make clear that, in the event of a conflict where the SSA's anti-alienation provision would otherwise protect a defendant's Social Security benefits from collection, Section 3613(a) empowers the government to garnish those benefits.").

4.     Fitch argues that the holding in *Swenson* is limited to defendants who have been ordered to pay restitution, rather than fines. That interpretation, however, is foreclosed by a plain reading of the statute, which expressly states that "a judgment imposing a *fine*" can be enforced against Social Security benefits. 18 U.S.C. § 3613(a) (emphasis added). Moreover, 18 U.S.C. § 3613(f) provides that "all provisions of this section are available to the United States for the enforcement of

3

an order of restitution." If the statute were read (contrary to its plain language) as applying only to restitution instead of fines, then that provision would be meaningless.[1]

Overall, although we may share the district court's sympathy for Fitch's circumstances, he has not provided a legal basis under which we may provide relief. Accordingly, the judgment of the district court is **AFFIRMED**.

---

[1] Fitch also highlights that the judgment sheet is somewhat ambiguous as to whether the $75,000 was imposed as a fine or restitution. We need not resolve this issue, because garnishment is permitted whether a fine or restitution payment has been imposed.